United States District Court
Southern District of Texas
**ENTERED**
November 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| KSN HOSPITALITY LLC DBA TEXAS INN, § § Plaintiff, § § VS. § GREAT LAKES INSURANCE SE, *et al.*, § § Defendants. § § § § | CIVIL ACTION NO. 1:22-CV-092 |

## ORDER AND OPINION

Plaintiff KSN Hospitality LLC d/b/a Texas Inn filed this action in a Texas state court against its insurer, Great Lakes Insurance SE, and the insurance adjuster, Luis F. Miller. KSN alleges causes of action for breach of contract and violations of the Prompt Payment of Claims Act, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act. (Orig. Pet., Doc.1-3, 8–11)

Great Lakes removed the matter to this Court based on diversity jurisdiction, alleging improper joinder of Miller, who has also filed a motion to dismiss based on the same grounds. (Notice of Removal, Doc. 1; Motion to Dismiss, Doc. 3) In response, KSN argues that it has alleged a viable claim against Miller, requiring not only the denial of the Motion to Dismiss, but the remand of this matter to state court, as Miller is a non-diverse defendant. (Resp. & Motion to Remand, Doc. 5, 1)

Based on the record and the applicable law, the Court concludes that a reasonable basis exists for the Court to conclude that KSN might succeed on a claim and recover damages from Miller. As a result, the Court finds that complete diversity does not exist because the Court must take Miller's citizenship into consideration for purposes of the jurisdictional analysis.

## I.     Factual Allegations and Procedural Background

In August 2021, a storm allegedly damaged the roof and elevations of KSN's property. (Orig. Pet., Doc. 1-3, 6)  KSN initiated a claim under its insurance policy with Great Lakes, requesting coverage for "all roof damage, water damage, and wind damage the Property sustained because of the storm." (*Id.*)

Great Lakes assigned Miller as the adjuster. (*Id.*)  After his investigation, Great Lakes denied the claim, leading to this lawsuit.

KSN makes numerous specific allegations regarding Miller.  According to KSN, he "conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation." (*Id.*) Miller also "failed to fully inspect all damage to the Property and ignore[d] the obvious damage to the Property's roofing system." (*Id.*)  In particular, Miller "refused to acknowledge the missing, torn, and loose shingle tabs [that] existed all over the roof." (*Id.* at 7) And based on this allegedly-inadequate investigation, Miller "misled" KSN by claiming that the insurance policy did not cover the reported damage, and "misrepresented . . . that the Property had no storm-related damage". (*Id.* at 6–7) Through this alleged conduct, "Great Lakes [ ] and [ ] Miller set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property." (*Id.* at 7)

In June 2022, Plaintiff filed this lawsuit in a Texas state court. The following month, Great Lakes removed the matter to this Court, alleging complete diversity as between itself, a citizen of Germany, and KSN, a citizen of Texas. (Notice of Removal, Doc. 1, 1–2) As to Miller, who is also a Texas citizen, Great Lakes argues that the Court can disregard his citizenship because KSN improperly joined him as a defendant.

In August, Miller filed a Motion to Dismiss (Doc. 3) based on Federal Rule of Civil Procedure 12(b)(6). KSN has responded, and also moves to remand the action on the grounds

that it has presented a viable claim against Miller and, as a result, diversity of citizenship does not exist so as to support diversity jurisdiction. (Resp. & Motion to Remand, Doc. 5, 7)

## II. Analysis

### A. Governing Law

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction if the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1)–(2). "[R]emoval based on diversity is precluded 'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021) (quoting 28 U.S.C. § 1441(b)(2)); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

"[O]rdinary diversity jurisdiction requires complete diversity—all of the plaintiffs must be citizens of different states than all of the defendants." *Williams*, 18 F.4th at 812 (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)). At times, however, a defendant will rely on the doctrine of fraudulent or improper joinder to remove a case based on diversity jurisdiction even when the plaintiff has sued a non-diverse defendant. Under this doctrine, if a non-diverse defendant is improperly joined, a district court can disregard the citizenship of that defendant for the purposes of evaluating its jurisdiction. *Id*.

If a defendant removes a case based on improper joinder, the "court's first inquiry is whether the removing party has carried its heavy burden of proving that joinder was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). To establish improper joinder, the removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (quoting *Smallwood*, 385 F.3d at 573). In this matter, Defendants argue the latter.

"The test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573) (internal quotations omitted). The court conducts a Rule 12(b)(6)-type analysis, which first looks at the allegations in the complaint and "determine[s] whether the complaint states a claim under state law against the in-state defendant." *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2011) (quoting *Smallwood*, 385 F.3d at 573). The court resolves "all disputed questions of fact and all ambiguities in the controlling state law" in favor of the non-removing party. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.[1]

As the removal statute is strictly construed in favor of remand, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82. "When controlling state law 'is too uncertain to support improper joinder,' remand to state court is required." *D&J Invs. of Cenla, LLC v. Baker Hughes a GE Co.*, No. 21-30523, 2022 WL 9862487, at *5 (5th Cir. Oct. 17, 2022) (quoting *Rico v. Flores*, 481 F.3d 234, 240 (5th Cir. 2007)).

**B. Application**

Great Lakes bears the burden of proving that KSN improperly joined Miller. To do so, Great Lakes must demonstrate that based on the allegations in KSN's Original Petition, no

---

[1] Miller filed a Motion to Dismiss based on Rule 12(b)(6). For purposes of the jurisdictional analysis, the Court takes into consideration the arguments raised in his motion. If the Court lacks subject matter jurisdiction, however, it cannot reach the merits of the Motion to Dismiss. *See Smallwood*, 385 F.3d at 574 (explaining that when a district court concludes that it should remand a matter to state court, "it lacks the jurisdiction to dismiss the case on its merits").

reasonable basis exists for the Court to predict that KSN might be able to recover against Miller in a Texas state court.

In its Original Petition, KSN unambiguously alleges a claim against Miller under one provision of the Texas Insurance Code: "Defendants violated § 541.051 of the Texas Insurance Code by . . . making statements misrepresenting the terms and/or benefits of the policy". (Orig. Pet., Doc. 1-3, 9) As to other causes of action, however, the Original Petition lacks clarity. For example, KSN references a sole "Defendant" in connection with its claim based on Section 541.060 of the Texas Insurance Code, without specifying whether the reference is to Miller or Great Lakes. (*Id.*) With respect to its DTPA claim, KSN makes the general allegation that "Defendants have violated the [DTPA]", but then follows that general statement with three specific references to Great Lakes's conduct, without referencing Miller. (*Id.* at 10) As a result, KSN's only clear cause of action against Miller relies on Section 541.051 of the Texas Insurance Code.[2]

As to all of KSN's causes of action, Great Lakes argues that the Original Petition solely tracks the statutory language and includes only conclusory statements with no specific factual allegations. While largely true, this argument in itself does not defeat the Motion to Remand. Courts can consider both the allegations within the specific causes of action and the factual allegations elsewhere contained within the plaintiff's pleading, which are often, as here, incorporated by reference into the specific causes of action. (*See id.* at 8) Under this approach, district courts have concluded that a plaintiff alleged a viable claim against an insurance adjuster, even when the cause of action itself primarily recited statutory language. *See, e.g., Flores v. Allstate Ins. Co.*, Civ. A. No. 1:13-CV-613, 2014 WL 12591936, at *7 (E.D. Tex. Feb. 24, 2014)("Where statutory language is supplemented with additional allegations directed at the in-state defendants that clarify the specific conduct constituting the purported violation, courts have

---

[2] KSN also unambiguously alleges its causes of action for breach of contract and under the Prompt Payment of Claims Statute only against Great Lakes. (Orig. Pet., Doc. 1-3, 8–9)

generally found those allegations to be sufficient to support a reasonable basis to predict liability."); *Presley v. Am. First Ins. Co.*, No. H–10–4429, 2011 WL 486231, at *3 (S.D. Tex. Feb. 7, 2011)("Courts in this district have found that similar combinations of specific factual allegations against the individual insurance adjuster defendant and conclusory legal allegations against all defendants provides a reasonable basis for predicting recovery against individual defendant under the Insurance Code."); *Rodriguez v. Standard Guard. Ins. Co.*, Civ. A. No. H–10–3065, 2010 WL 4877774, at *6 (S.D. Tex. Nov. 23, 2010)(explaining that although the causes of action "resemble[d] mere formulaic recitations of certain provisions of the Texas Insurance Code, they are clarified and explained by the [plaintiffs'] allegations specifically directed at [the adjuster] found in previous paragraphs of the petition"); *Harris v. Allstate Tex. Lloyd's*, Civ. A. No. H–10–0753, 2010 WL 1790744, at *4 (S.D. Tex. Apr. 30, 2010)(rejecting the defendant's argument that "[plaintiff's] complaint only recite[d] statutory language from the Texas Insurance Code" because the complaint's factual allegations were sufficient).  Of course, if the causes of action rely solely on recitations of the statutory language, and find no support in the factual allegations, then the plaintiff has failed to plead a claim upon which relief can be granted.  *See, e.g.*, *TAJ Properties, LLC v. Zurich Am. Ins. Co.*, No. Civ. A. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010)(concluding that the plaintiff's petition did not provide a reasonable basis for recovery against the adjuster because the petition "fail[ed] to allege facts describing any actionable conduct by [the adjuster] individually"); *Jimenez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, at *5–6 (S.D. Tex. Mar. 25, 2010)(finding that a plaintiff improperly joined an adjuster as a defendant, where the petition "pleaded only conclusory legal allegations without specific facts defining what 'acts and omissions' [the adjuster] participated in, and what and when she did"); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. Civ. A. H-09-1728, 2009 WL 3602043, at *3–4 (S.D. Tex. Oct. 27, 2009)(denying motion to remand in part because aside from the "near verbatim recitation of portions of Chapter 541 and 542 of the Texas Insurance Code," the plaintiff "fail[ed] to allege facts illustrating what actions [were] attributable to [the

adjuster] individually"); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009)("These allegations are really legal conclusions couched as factual allegations, with no factual support in the petition."). As a result, when considering whether KSN has pled a viable claim against Miller, the Court considers both the cause of action and the factual allegations.

In Texas, "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance" to make a "statement mispresenting with respect to a policy issued . . . , the terms of the policy [or] the benefits or advantages promised by the policy." TEX. INS. CODE ANN. § 541.051(1)(A)–(B) (West 2022). KSN's allegations against both Great Lakes and Miller track this statutory language. (Orig. Pet., Doc. 1-3, 9)

As to Miller, the factual allegations largely concern his allegedly inadequate investigation of the damage to the Property, but also mention alleged misrepresentations concerning the policy and its benefits. According to KSN, Miller "misled" KSN "by saying that the policy does not cover the reported damage when, in fact, it does." (*Id.* at 6) He "misrepresented . . . that the Property had no storm-related damage", and "failed to fully inspect all damage to the Property and ignore[d] the obvious damage to the Property's roofing system." (*Id.* at 6–7) In particular, Miller "refused to acknowledge the missing, torn, and loose shingle tabs [that] existed all over the roof." (*Id.* at 7) KSN alleges that Miller's conduct formed part of "a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property." (*Id.*)

The Court finds that these factual allegations support a cause of action under Section 541.051. KSN has sufficiently pled that Miller engaged in an inadequate investigation and, in connection with and based on that investigation, made misrepresentations to KSN regarding the terms of the policy and the benefits that KSN merited under the policy. Other courts considering allegations of an inadequate investigation by an adjuster and statements regarding whether a policy covered alleged damage have concluded that the insured pled a viable claim against the

individual under Section 541.051. *See, e.g., Oderbert v. State Farm Lloyds,* Civ. A. No. 3:20-CV-03441-X, 2021 WL 3056092 (N.D. Tex. July 20, 2021)(granting motion to remand based in part on the insured's allegations that the non-diverse adjuster conducted an inadequate investigation that violated Section 541.051); *see also Bonita Inn Motel v. Endurance Am. Specialty Ins. Co.*, Civ. No. SA-15-CA-714-OLG, 2015 WL 10818738, at *4–5 (W.D. Tex. Oct. 22, 2015)(remanding the lawsuit based on allegations similar to KSN's against an adjuster, with claims brought under Sections 541.051 and 541.060 of the Texas Insurance Code); *Newton v. State Farm Lloyds*, Civ. A. No. 4:13-CV-00074, 2013 WL 2408127, at *3–4 (S.D. Tex. May 31, 2013)(same).[3]

Great Lakes compares KSN's Original Petition to the insured's petition in *TAJ Properties, LLC v. GAB Robins North America, Inc.*, in which the court denied a motion to remand. (Notice of Removal, Doc. 1, 5) Great Lakes correctly points out that in *TAJ Properties*, the insured's petition solely "track[ed] the very general language of the statutes". *TAJ Properties, LLC, v. GAB Robins N. Am., Inc.*, Civ. A. No. H-10-4134, 2011 WL 2162321, at *3 (S.D. Tex. June 2, 2011). But in that case, the plaintiff "complete[ly] fail[ed] to allege facts relating to the specific role and wrongful conduct of the adjuster, individually as an adjuster". *Id.* at *5. In contrast, in the current matter, KSN alleges specific conduct by Miller in support of its causes of action.

Miller argues that KSN's allegations against him amount to "mere speculation". (Motion to Dismiss, Doc. 3, 3) But in its Original Petition, KSN includes specific allegations about Miller's conduct, including the type of alleged "obvious damage" that he "refused to acknowledge". (Orig. Pet., Doc. 1-3, 6–7) And KSN alleges that Miller took part in a "results-oriented investigation", which allows for the reasonable inference that Miller approached the investigation with an end in mind—i.e., the denial of the insurance claim. (*See id.* at 7) Although KSN will certainly have to

---

[3] Various courts have concluded that an insured pled a viable claim against an adjuster in connection with an inadequate investigation under Section 541.060 for misrepresentations regarding the insurance policy. *See e.g., Negrete v. Lloyds*, No. DR-15-CV-114, 2016 WL 8488287, at *6 (W.D. Tex. Sept. 27, 2016); *Gaytan v. State Farm Lloyds*, No. DR-15-CV-134, 2016 WL 8488351, at *3–4 (W.D. Tex. Sept. 27, 2016); *Sanchez v. ASI Lloyd's*, No. DR-15-CV-012, 2015 WL 13305868, at *3 (W.D. Tex. Sept. 30, 2015); *Paniagua v. Allstate Tex. Lloyd's*, No. DR-15-CV-011, 2015 WL 13134485 (W.D. Tex. Sept. 30, 2015).

prove these allegations to succeed in its claim against Miller, it has done enough to present a claim that rises above mere speculation. Neither Miller nor Great Lakes have demonstrated that no reasonable basis exists for the Court to predict that KSN might be able to recover against Miller under Section 541.051.

"[T]he existence of even a single valid cause of action against the in-state defendants (despite the pleadings of several unavailing claims) requires remand of the entire case to the state court." *Gray ex rel. Rudd v. Beverley Enters.-Miss., Inc.*, 390 F.3d 400, 412 & n.11 (5th Cir. 2004). The Court concludes that Great Lakes has not carried its burden in proving that KSN improperly joined Miller as a defendant. This conclusion defeats diversity jurisdiction and requires that the lawsuit be returned to state court.

### C. Attorney's Fees

In conjunction with its Motion to Remand, KSN relies on 28 U.S.C. § 1447(c) to request recovery of "court costs, expenses, and attorney's fees". (Resp. & Motion to Remand, Doc. 5, 7) Under that provision, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1477(c). But district courts have discretion whether to enter such a recovery. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000); *see also Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). To determine whether to award fees and costs, courts consider whether the removing party possessed an "objectively reasonable basis for seeking removal". *Martin*, 546 U.S. at 141; *see also Valdes*, 199 F.3d at 293 ("We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.").

In the present case, the Court declines to award KSN its court costs, expenses, and attorney's fees. While the Court ultimately finds that KSN includes sufficient allegations to conclude that a reasonable basis exists to predict that KSN might be able to recover against Miller under the Texas Insurance Code, Great Lakes presented an objectively reasonable argument that

KSN improperly joined Miller. As a result, the Court does not invoke Section 1447(c) to award KSN its attorney's fees and costs.

### III.  Conclusion

For these reasons, it is:

**ORDERED** that Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**.

In addition, in light of this ruling, the Court lacks subject matter jurisdiction to reach the merits of Defendant Luis F. Miller's Motion to Dismiss (Doc. 3). As a result, Defendant Luis F. Miller's Motion to Dismiss (Doc. 3) is **DENIED**.

All other relief not expressly granted is denied.

Signed on November 8, 2022.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge